IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PERRY MCCULLOUGH,

        Defendant.

_____/

CR. NO. S-89-0251 EJG

ORDER re: PRE-FILING REVIEW ORDER

    This matter is before the court on the government's motion for a pre-filing authorization order.  After reviewing the record and the documents submitted, and for the reasons that follow, the court has determined that the motion should be denied without prejudice.  However, the court will issue an order relieving opposing counsel from responding to defendant's filings, unless directed otherwise.

///
///
///
///

1

## Background

Defendant was convicted by jury in July 1990 of numerous drug trafficking offenses.[1]  The jury also found that several pieces of defendant's real and personal property were forfeitable.  He was sentenced to 380 months imprisonment and five years supervised release.  He appealed his conviction and sentence.

In 1994, the count of conviction based on conducting a criminal enterprise, as well as the forfeiture judgment based on that conviction, were reversed by the Ninth Circuit.  In all other respects, the convictions were affirmed. United States v. McCullough, 1994 WL 369400 (9th Cir., filed July 14, 1994).  The case was remanded to the district court for entry of judgment on the conspiracy count. Id.  Defendant's appeal from the second judgment was unsuccessful. United States v. McCullough, 1997 WL 78682 (9th Cir., filed February 24, 1997).  Thereafter, defendant filed a motion to vacate, set aside or correct his sentence.  The motion was denied by this court in 2001, which denial was affirmed on appeal October 8, 2002.  Following the denial of certiorari by the Supreme Court on March 24, 2003, this case was deemed closed. McCullough v. United States, 538 U.S. 934 (2003).

---

[1] Specifically, defendant was found guilty of four counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), four counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b), one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of conducting a criminal enterprise, in violation of 21 U.S.C. § 848.

In recognition of this fact, the case has been dormant for the last few years, save a letter from a fellow inmate filed in early 2006 extolling defendant's post-conviction virtues and lamenting the waste of such a person in prison.  Then, in June of this year, defendant made another attempt to set aside his conviction, this time arguing that the court lacked jurisdiction.  The motion was denied, as was defendant's request for reconsideration.

Not deterred, defendant appears to have taken a new tack.  In July he began filing what has become a flurry of paperwork, most of which is nonsensical and contains what this court has come to identify over the years as tax protester gibberish.  In response to the defendant's filings, the government, arguably frustrated, has filed a motion seeking, in essence, to declare defendant a vexatious litigant and require defendant to obtain court permission before filing additional papers in this case.

## Discussion

Pre-filing review orders "remain very much the exception to the general rule of free access to the courts" Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), "should be used only in exigent circumstances," In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982), are "extreme remed[ies]" id., and "should rarely be filed." DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  On the other hand, "the goal of fairly dispensing justice is compromised when the court is forced to devote its limited

3

resources to the processing of repetitious and frivolous requests." In re Sindram, 498 U.S. 177, 180 (1991).  Therefore, federal courts have the inherent power to regulate the activities of abusive litigants by imposing "carefully tailored restrictions under the appropriate circumstances." DeLong, 912 F.2d at 1147.

Recognizing the tension between unfettered access and abusive access, the 9th Circuit has set forth requirements that must be met before a pre-filing order may issue.  Id. at 1147-48.  First, the litigant must be given notice and an opportunity to oppose the order.  Second, the court must provide an adequate record for review which demonstrates a history of filings so numerous or frivolous as to be an abuse of the judicial system.  Third, the court must make substantive findings that the filings are of a frivolous or harassing nature.  Fourth, the order must be narrowly tailored to address the particular abuse encountered.  Id.

The court is not satisfied that the government's motion or proposed order to show cause satisfactorily demonstrate either an adequate record or a pattern of frivolous or harassing filings.  While it is true that defendant has vigorously opposed every order the court has issued in this criminal case, he was convicted of very serious offenses for which he is serving a lengthy term of imprisonment, in excess of thirty years.  Though none of his battles have proved victorious, nor his positions meritorious, he has been, for the most part, attempting to leave

4

no stone unturned in his attempts to end his imprisonment and seek return of his property.

However, his recent filings have gone beyond zealous advocacy and have entered the realm of bizarre.  Among the documents filed in recent weeks are: "Affidavit of Denial of Corporate Existence", "Affidavit of Non-Corporate Status", "Statement of Accounting", "Notice for Settlement and Closure" and "Full Acceptance".  Review of these documents reveals they have no relevance to this closed criminal case, and, as such, they require no action by either the government or the court.

While future documents drafted by defendant and received by the court will continue to be filed in the case, no action will be taken on them unless deemed necessary by the court.  The government is directed not to respond to any further filing in this case unless specifically directed to do so by the court.

## Conclusion

The government's motion for a pre-filing review order is DENIED without prejudice.  In addition, the court may, on its own initiative, revisit the issue at a future date.

IT IS SO ORDERED.

Dated: September 15, 2006       /s/ Edward J. Garcia
                                EDWARD J. GARCIA, JUDGE
                                UNITED STATES DISTRICT COURT

5