IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,    CR. NO. S-89-0251

      v.    ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND PETITION FOR WRIT OF AUDITA QUERELA

PERRY ADRON MCCULLOUGH,

    Defendant-Petitioner.
_____/

    Defendant, a federal prisoner proceeding pro se, has filed a petition for writ of audita querela, and, in connection with the petition, a motion for appointment of counsel and a request for judicial notice of adjudicative facts.  For the reasons that follow, the petition and its accompanying motion and request are DENIED.

**Background**

    Defendant was convicted by jury in July of 1990 of numerous drug trafficking offenses.  The jury also found that several pieces of defendant's real and personal property were forfeitable.  He was sentenced to 380 months imprisonment and

1

five years supervised release.  He has spent most of his period of incarceration unsuccessfully attacking his conviction.  The lack of success has not been for want of diligence.  In addition to direct appeals of the substantive counts of conviction as well as the forfeitures, defendant has spanned the gamut of post-conviction remedies, the instant petition for writ of audita querela but the latest in his series of attempts to set aside his conviction and sentence.

## Discussion

Stripped to its essence, the petition alleges that defendant is entitled to the benefit of a change in the law that postdated the commission of his crimes, as well as their conviction and affirmance.  Citing the 2005 Supreme Court Booker/Fanfan cases defendant maintains that the court enhanced his sentence by relying on inaccurate facts contained within the pre-sentence report which were neither submitted to nor found by a jury.  He argues he is entitled to have the court revisit his convictions anew under the now "advisory" sentencing guidelines.

The Ninth Circuit has recently addressed this argument, finding that a writ of audita querela is not an available remedy in the circumstances presented in this case.  See United States v. Carrington, 503 F.3d 888 (9th Cir. 2007).  First, claims which seek relief from an unconstitutional sentence based on Booker, are cognizable in a § 2255 petition and, as such, may not be the subject of a "gap-filling" common law writ such as audita

2

querela or coram nobis.[1]  <u>Carrington</u>, 503 F.3d at 890.  "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."  <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001).  Second, even if the court were to construe defendant's current petition as a successive § 2255 motion which he was given permission to file, he would not be able to avail himself of the benefit of <u>Booker</u>.  "[W]e have held that *Booker* does not apply to cases on collateral review. . . . Therefore, [defendant] [is] not entitled to relief on collateral review, however it is labeled."  <u>Carrington</u>, 503 F.3d at 890.

    Based on the foregoing, defendant's petition for a writ of audita querela, and his accompany motion for appointment of counsel and request for judicial notice, are DENIED.

    IT IS SO ORDERED.

Dated: October 24, 2008

                                             /s/ Edward J. Garcia
                                             EDWARD J. GARCIA, JUDGE
                                             UNITED STATES DISTRICT COURT

---

[1] Defendant has already sought and been denied post-conviction relief under § 2255.

3