UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>PERRY ADRON MCCULLOUGH,<br><br>            Defendant. | No. Cr. S 89-251 WBS<br><br>**ORDER** |

----oo0oo----

Defendant Perry Adron McCullough moves to reduce his term of imprisonment pursuant to the provisions 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

On November 5, 1990, after a jury trial in which defendant was found guilty of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, unlawful use of a communication facility in furtherance of a drug offense, and conducting a continuing criminal enterprise, defendant was sentenced to a term of imprisonment of 380 months.  The judgment was later amended on August 11, 1995,

1

but did not change the term of imprisonment.

Under the guidelines in effect at the time of sentencing, defendant's total offense level was 42, his criminal history category was I, and the resulting guideline range was 360 months to life.  Under retroactive Amendment 782 to the Sentencing Guidelines, defendant's total offense level has now been reduced from 42 to 40, and his amended guideline range is now 292 to 365 months.

Defendant asks the court to reduce his sentence to a term of 312 months, suggesting it is a point within the new guideline range which is comparable to the sentence originally imposed by Judge Garcia, the then-sentencing judge, in that it is the same number of months above the bottom of the newly calculated range.  The government, on the other hand, asks the court not to disturb the original sentence, arguing that the sentence originally imposed was the result of Judge Garcia's considered discretion and judgment at the time.  The court does not agree with the approach suggested by either side.

In the twenty-five years since defendant was sentenced, the public's attitude toward drug related offenses has obviously changed for better or for worse.  The prevailing sentiment today appears to be much more tolerant of the drug culture than it was in 1990.  To reflect this shift in priorities, the Sentencing Commission enacted Amendment 782, clearly designed to get a select number of drug dealers out of the prisons and back on the streets.  It is the responsibility of this court not to question the Commission's wisdom but to implement its mandates.

As this court understands § 3582(c)(2) and the

guidelines implementing it, the pertinent inquiry is not what Judge Garcia as the sentencing judge would have done in 1990 if he had known that the guidelines should have been then as they are now.  Rather, it is for the court to determine, within the limitations set out in U.S.S.G. § 1B1.10(b), what the resentencing judge now believes to be the appropriate sentence in present day society.  In making that determination, this court is instructed in Application Note 1 to § 2D1.1(c) to consider the sentencing factors in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community, and any post-sentencing conduct of the defendant that may be relevant.

The court must acknowledge that it is without many of the tools it customarily has in arriving at an appropriate sentence.  As this defendant's conviction arose from a jury trial, ordinarily the sentencing judge would have the benefit, as Judge Garcia had, of hearing and observing the evidence at trial.  Upon Judge Garcia's retirement, this case was reassigned to the undersigned judge, who of course does not have that benefit here.  In fact, neither side even offered the court a transcript of the trial until the court specifically requested the United States Attorney to provide one.  Also, the sentencing judge ordinarily has the benefit of an up-to-date Presentence Report.  Here, all the court has is the twenty-five-year-old report that was originally given to Judge Garcia.  Finally, except in rare circumstances, the defendant is physically present for the judge to observe, and has the right to address the court, at the time of sentencing.  Here, the defendant elected not to be present for resentencing.

Nevertheless, in arriving at what it now believes is an appropriate sentence, the court has considered all of the available materials. It has obtained a copy of the original Presentence Report; surveyed the nine volumes of the trial transcript; considered the diplomas, transcript, and progress report submitted by defendant to demonstrate his conduct while in prison; read the briefs and heard the oral arguments of counsel.

McCullough was a major drug dealer for many years, primarily in the Lake Tahoe area. In 1988 and 1989 alone, his own records showed he sold over sixty kilograms of cocaine. In a period of just over three years, he spent over $600,000, and accumulated a net worth of over $1,100,000, with no evidence of any legitimate income. His self-serving explanation of how he became involved, at the insistence of one of his underlings, and his claim that he later tried to disassociate himself from their operations, were beyond belief, as was his story that the drugs and gun belonged to somebody else. While admitting just the bare bones of some of the charges, McCullough did not come near to accepting responsibility for the conduct the jury found he committed. As far as the court can determine, he still has not fully accepted responsibility.

On the other side, McCullough has apparently behaved well, earning two college degrees, since he has been in prison. With the scant information available to the court, it is impossible to predict with any degree of certainty whether he will pose a danger to the community if and when he is released. However, statistics do support the proposition that a person of McCullough's present age and education is less likely to

recidivate.

The court has considered all of the relevant sentencing factors of § 3553(a), as well as the recalculated guidelines, in attempting to determine what sentence this sentencing judge would impose upon a defendant with these characteristics who committed similar offenses today.  Under the circumstances, the court concludes that a sentence in the middle of the guideline range would be most appropriate, and will accordingly adjust defendant's sentence to a term of 328 months.  All other terms and provisions of the first amended judgment shall remain in effect.

The Clerk shall prepare an amended judgment consistent with this Order and shall serve certified copies of such amended judgment on the United States Bureau of Prisons and the United States Probation Office.

IT IS SO ORDERED.

Dated:  May 5, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE